UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY LEIFER,

Plaintiff,

**COMPLAINT**

-against-

Docket No.:

NASSAU COUNTY POLICE OFFICER RUSSO and
NASSAU COUNTY POLICE OFFICER JOHN DOE.

**JURY TRIAL DEMANDED**

Defendants.
-------------------------------------------------------------------X

The Plaintiff, complaining of the defendants, by his attorney, Alexander Klein, Esq., respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a resident of Nassau County in the State of New York.

2. The incident giving rise to this lawsuit occurred in the State of New York, County of Nassau.

3. The claims arise under 42 United States Code Section 1983.

## PARTIES

4. Defendants Nassau County Police Officer Russo and Police Officer John Doe were at all relevant times acting police officers of the Nassau County Police Department, acting under color of law pursuant to the statutes, ordinances, regulations, policies, customs and usage of the County of Nassau and the State of New York. They are sued in their individual and official capacities.

5. Plaintiff Gary Leifer was the subject of excessive force, false arrest, and a failure to intervene that led to physical, pecuniary, and emotional injuries, for which he seeks damages in connection with this action.

## STATEMENT OF FACTS

6. Gary Leifer (hereinafter "Gary" or "the Plaintiff") is a 61-year-old resident of Nassau County.

7. On December 3, 2016, Gary was following his dying mother into Nassau University Medical Center when two Nassau County Police Officers detained him for an alleged unlawful parking at the hospital.

8. When Gary insisted on being with his mother as her stretcher continued to be rushed inside, the John Doe Officer physically apprehended him, threw him to the ground, and called him a "motherfucker" as he handcuffed a now-desperate Gary whose mother was no longer breathing.

9. Minutes into Gary's apprehension, his wife, Ann, arrived at the hospital and observed her husband handcuffed, on the ground, and still underneath the body weight of Defendant John Doe.

10. Defendant Police Officer Russo was standing next to his colleague, John Doe, doing nothing to help Gary despite his full awareness of the circumstances.

11. Ann pleaded with the Defendants to let her husband inside the hospital to be with his mother.

12. The Defendants responded by telling Ann to go move Gary's "fucking" car.

13. At this point, Ann reached into her pocket to take out her camera, intent on taking pictures of the incident.

14. Defendant John Doe responded by telling her that if she proceeded to record the incident on her camera phone then she, too, would be arrested.

15. During all this time, Gary kept saying one thing over and over again: "Please let me see my mother, please let me see my mother, please let me see my mother."

16. Luis Carlos Zapata, a doctor who was attending to Gary's mother, then came out through the ambulance loading dock and observed the fiasco taking place in front of the hospital.

17. Dr. Zapata immediately instructed the Defendants to stop what they were doing.

18. Defendant John Doe responded by telling Dr. Zapata to "go back inside" and "don't tell me how to do my motherfucking job."

19. As time continued to pass, Ann entered Gary's car and moved it, even though it had been parked legally.

20. At that point, the Defendants released Gary and told him to consider himself "lucky."

21. When Gary and Ann finally arrived at the room where Gary's mother had been taken, they were approached by one of the nurses.

22. The nurse stated that Gary's mother had died six minutes ago.

23. Due to the apprehension outside, therefore, Gary had been denied the opportunity to be by his mother's side as she passed away.

24. He was never charged with any criminal, civil, or municipal violation in connection with this incident.

## DAMAGES

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

26. In the aftermath and as a consequence of the experience described above, Gary sought weekly treatment from a psychologist, who also referred him to a psychiatrist, whom he saw monthly.

27. During this time he experienced immense emotional distress, including contemplations of suicide.

28. Gary also suffered physical injuries to his neck, head, and ribs, which were documented with photographs.

29. He experiences physical and emotional injuries that are ongoing.

30. Less than ninety days later, on February 27, 2017, Gary served a notice of claim on Nassau County.

## FIRST CAUSE OF ACTION:
## EXCESSIVE FORCE
## AS TO DEFENDANT JOHN DOE POLICE OFFICER

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

32. Leifer's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that Plaintiff was the subject of excessive force.

33. These acts were caused by the Defendant John Doe Police Officer without legal justification.

34. Defendant John Doe Police Officer caused the forced upon Plaintiff, intended to

exercise force upon Plaintiff, Plaintiff was conscious of the force used against him, Plaintiff did not consent to the force, and the force was not otherwise privileged.

35. The amount of force used on the Plaintiff was in excess of the amount of force that a reasonable officer would have used in addressing the Plaintiff or conducting a stop or arrest under similar circumstances.

36. The force, seizure and unlawful detention was caused by the Defendants acting without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of any crimes or infractions.

37. By reason of the excessive force, the Plaintiff incurred emotional, pecuniary, and physical harms, suffered humiliation, mental anguish, and was otherwise injured.

38. As a consequence of excessive force, the Plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**SECOND CAUSE OF ACTION:**
**FALSE ARREST**
**AS TO ALL DEFENDANTS**

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

40. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, in that Plaintiff was illegally seized.

41. These acts were caused by the Defendants.

42. Defendants caused the confinement of Plaintiff, intended to confine Plaintiff, Plaintiff was conscious of the confinement, Plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

43. The seizure and unlawful detention was caused by Defendants acting without authority of the law and without any legal basis or probable cause to believe that Plaintiff was in fact guilty of crimes.

44. By reason of the false arrest, the Plaintiff incurred emotional, pecuniary, and physical harms, suffered humiliation, mental anguish, and was otherwise injured.

45. As a consequence of his false arrest, the Plaintiff has been damaged in an amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**THIRD CAUSE OF ACTION**
**FAILURE TO INTERVENE**
**AS TO DEFENDANT POLICE OFFICER RUSSO**

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

47. Defendant John Doe Police Officer violated Plaintiff's rights against excessive force.

48. Defendant Police Officer Russo had a duty to intervene to prevent the use of excessive force.

49. Defendant Police Officer Russo had a reasonable opportunity to intervene to prevent the use of excessive force against the Plaintiff.

50. Defendant Police Officer Russo failed to intervene to prevent the use of excessive force against Plaintiff.

51. By reason of the failure to intervene, the Plaintiff incurred emotional, pecuniary, and physical harms, suffered humiliation, mental anguish, and was otherwise injured.

52. As a consequence of the failure to intervene, the Plaintiff has been damaged in an

amount to be determined at trial and an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That the Court award compensatory damages to him and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to him, and against all defendants, in an amount, to be determined at trial, that will deter such conduct by defendants in the future;

C. For a trial by jury;

D. For a pre-judgment and post-judgment interest and recovery of his costs; and

E. For any and all other relief to which he may be entitled.

Dated: December 7, 2018
Garden City, New York

BARKET EPSTEIN KEARON
ALDEA & LOTURCO, LLP

By: ______________________
Alexander Klein, Esq.
666 Old County Road-Suite 700
Garden City, N.Y. 11530
(516) 745-1500

**VERIFICATION**

STATE OF NEW YORK

ss:

COUNTY OF NASSAU

I, the undersigned, Gary Leifer, being sworn that I am the plaintiff herein have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

Gary Leifer

Sworn to before me this
7th day of December, 2018

Notary Public

SUZANNE M. ODONOGHUE
NOTARY PUBLIC, State of New York
No. 01OD6289480
Qualified in Suffolk County
Commission Expires Sept. 30, 2021